IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JORDAN LEVI MARTIN,              )
                                 )
            Plaintiff,           )
                                 )
v.                               )    Case No. CIV-20-201-RAW-KEW
                                 )
COMMISSIONER OF THE SOCIAL       )
SECURITY ADMINISTRATION,         )
                                 )
            Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Jordan Levi Martin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was

---

[1]  Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 29 years old at the time of the ALJ's decision. Claimant completed his high school education with special education classes. Claimant has no past relevant work. Claimant alleges an inability to work beginning October 4, 2017 due to

3

limitations resulting from anxiety, lack of understanding, lack of
focus, learning problems, and problems with concentration.

### Procedural History

On October 4, 2017, Claimant protectively filed for
supplemental security income pursuant to Title XVI (42 U.S.C. §
1381, *et seq.*) of the Social Security Act. Claimant's application
was denied initially and upon reconsideration. On May 14, 2019,
Administrative Law Judge ("ALJ") J. Leland Bentley conducted an
administrative hearing in McAlester, Oklahoma. On June 25, 2019,
the ALJ issued an unfavorable decision. On April 21, 2020, the
Appeals Council denied review. As a result, the decision of the
ALJ represents the Commissioner's final decision for purposes of
further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential
evaluation. He determined that while Claimant suffered from
severe impairments, he retained the RFC to perform a full range of
work at all exertional levels.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to
find Claimant met or equaled a listing; and (2) failing to perform

4

a proper assessment at step five of the sequential evaluation.

## Consideration of the Evidence

In his decision, the ALJ determined Claimant suffered from the severe impairments of depressive disorder, panic disorder with agoraphobia, mild intellectual disability, and polysubstance abuse disorder in remission. (Tr. 14). The ALJ concluded that Claimant retained the RFC to perform a full range of work at all exertional levels with the non-exertional limitations of being able to understand, remember, and apply simple, routine instructions and concentrate and persist for extended periods of time in order to complete simple, routine work tasks with non-confrontational supervision. He was found to be able to maintain superficial work relationships with co-workers and supervisors; however, he would need to avoid work-related contact with the general public. Claimant was able to adapt to a routine work setting, where changes are infrequent and introduced gradually. (Tr. 17).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of laundry worker (medium, unskilled), industrial sweeper cleaner (medium, unskilled), and hand packager (medium, unskilled), all of which were found to exist in sufficient numbers in the national economy.

(Tr. 21). As a result, the ALJ found Claimant was not disabled from October 4, 2017, the date the application for benefits was filed. Id.

Claimant contends that the ALJ failed to properly consider whether his reduced intellectual functioning he met or equaled a listing. At step three, the ALJ considered whether Claimant's condition met or equaled Listings 12.04 and 12.05, evaluating the "paragraph B" criteria. The ALJ correctly noted that the that mental impairments must result in at least one extreme or two marked limitations in the broad areas of functioning consisting of understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves. (Tr. 15). The ALJ explained that a "marked" limitation is one where functioning in the area independently, appropriately, effectively, and on a sustained basis is seriously limited. Id.

In evaluating the criteria, the ALJ found Claimant was moderately limited in the four functional areas. Id. In the area of understanding, remembering, or applying information, the ALJ noted Claimant's stated subjective memory and comprehension issues. However, in the objective record, Dr. Martha Hernandez

who treated Claimant noted that he had intact recent memory and good remote memory, he was oriented as to person, place, time and his present situation, and he had a good fund of knowledge. (Tr. 320, 338, 341). Claimant's judgment was slightly impaired, his insight was fair, and his impulse control was fair. Id. The ALJ's finding of moderate limitation in this area is well-supported by the record.

The ALJ also found Claimant was moderately limited in the area of interacting with others. (Tr. 15). Claimant stated that he had trouble being around people, had panic attacks, and had thoughts of harming others. Id. Dr. Kathie Ward, who performed a mental status examination on Claimant on April 30, 2018, found "[t]here are no notations of problems getting along with others." (Tr. 315). Claimant argues that he suffered from hallucinations and paranoia. This Court is uncertain how hallucinations and paranoia affect his ability to interact with others. No evidence has been presented which indicates that he has hallucinated around others at any time during the relevant period. No error is found in the ALJ's findings in this functional area.

The ALJ found moderate limitation in the area of concentration, persisting, and maintaining pace. (Tr. 15). He

acknowledged Claimant's report of difficulty focusing, completing tasks and following instructions. Id. However, Dr. Hernandez found Claimant had logical thought processes and good concentration. (Tr. 319, 335-36, 340). The ALJ's finding is supported by substantial evidence.

Claimant bears the burden of demonstrating a prima facie case of disability at steps one through four of the sequential evaluation. Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003)(citation omitted). This burden extends to step three where a claimant must prove he meets or equals all of the specified medical criteria associated with a particular listing. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). The ALJ's findings of moderate limitation in the four broad functional areas under the "paragraph B" criteria is supported and precludes a determination that Claimant equaled or met a listing.

### Step Five Analysis

Claimant begins his argument at step five by stating the reasoning level, mathematical development level, and language development level of the representative jobs of Laundry Worker, Industrial Sweeper Cleaner, and Hand Packager exceed Claimant's RFC. He then appears to challenge the sufficiency of the RFC

limitations and whether it encompasses all of Claimant's functional limitations. Claimant first argues that if all of the evidence relevant to the listings were considered, he would be found disabled. This argument is unspecific and not developed. This Court will not ferret out Claimant's arguments for him.

Claimant next contends the ALJ imposed a greater limitation upon his functional abilities pertaining to working with the general public than the evidence suggests is warranted. This curious contention does not benefit Claimant in this review.

Claimant then turns to Dr. Ward's recommendation that Claimant may benefits from services available from the Developmental Disabilities Services division of DHS. Claimant speculates that this must mean he suffers from intellectual disabilities. Claimant's argument searches for evidence to support it and is therefore wanting.

Claimant also challenges whether his abilities match the *Dictionary of Occupational Titles*' reasoning level and math and language development requirements. Claimant concedes that the job of industrial sweeper cleaner accommodates his RFC. (Cl. Brief at 8). Identification of any jobs which Claimant could perform under the RFC satisfies the step five requirements. *See* Nunn v.

Apfel, 149 F.3d 1191, 1998 WL 321189, *2 (10th Cir. 1998)(Even assuming that claimant's objections to some of the jobs identified by the vocational expert are well taken, if claimant can perform some of the jobs identified, the ALJ can rely on those jobs to find claimant not disabled). No error is found in the ALJ's findings at step five.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE